IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES, and LUIS VILLARREAL, Individually and on behalf of Others Similarly Situated, <br><br> Plaintiffs, <br><br> V. <br><br> ECS TELECOM SERVICES LLC, EDWARD C SKOOG, BLANCA S SKOOG, ROCKIE RISH, and DANNY MILLER, Individually and in their Official Capacity, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> JURY TRIAL DEMANDED |

FILED
2011 AUG 24 PM 4:05
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

SA11CA0700XR

### PLAINTIFF'S ORIGINAL COMPLAINT.

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES, and LUIS VILLARREAL, individually and on behalf of all others similarly situated individuals ("Plaintiff", "Plaintiffs", or "Class Members"), brings this Fair Labor Standards Act ("FLSA") suit against ECS TELECOM SERVICES LLC, EDWARD C SKOOG, BLANCA S SKOOG, ROCKIE RISH, and DANNY MILLER, individually and in their official capacity, ("Defendants"), and shows as follows:

## INTRODUCTION

1.	This lawsuit is brought as an individual action by Plaintiff to vindicate his wrongful discharge pursuant to the laws identified herein and as a nationwide collective action under the FLSA to recover wages owed to Plaintiff and all other similarly situated employees.

2.	ECS TELECOM SERVICES LLC is a Domestic Limited Liability Company (LLC) that provides value-added telecommunications services by creating a successful partnership with customers throughout the installation, management, and support processes. ECS TELECOM SERVICES LLC's policy and practice is to deny earned wages and overtime pay to employees their earned wages. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

3.	EDWARD C SKOOG is the Chief Executive Officer (CEO) of ECS TELECOM SERVICES LLC that provides value-added telecommunications services by creating a successful partnership with customers throughout the installation, management, and support processes. ECS TELECOM SERVICES LLC's policy and practice is to deny earned wages and overtime pay to employees their earned wages. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

4.	BLANCA S SKOOG is one of the co-owners of ECS TELECOM SERVICES LLC that provides value-added telecommunications services by creating a successful partnership with customers throughout the installation, management, and support processes. ECS TELECOM SERVICES LLC's policy and practice is to deny earned wages and overtime pay to employees their earned wages. Defendants' deliberate failure to pay employees their earned wages and overtime

compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

5. ROCKIE RISH is one of the officers of ECS TELECOM SERVICES LLC that provides value-added telecommunications services by creating a successful partnership with customers throughout the installation, management, and support processes. ECS TELECOM SERVICES LLC's policy and practice is to deny earned wages and overtime pay to employees their earned wages. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

6. DANNY MILLER is one of the officers of ECS TELECOM SERVICES LLC that provides value-added telecommunications services by creating a successful partnership with customers throughout the installation, management, and support processes. ECS TELECOM SERVICES LLC's policy and practice is to deny earned wages and overtime pay to employees their earned wages. Defendants' deliberate failure to pay employees their earned wages and overtime compensation violates the FLSA. Plaintiffs now bring this action on behalf of themselves and all others similarly situated.

## JURISDICTION AND VENUE

7. The subject matter in controversy is within the jurisdictional limits of this court.

8. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claim is based on 29 U.S.C. §216(b) and 28 U.S.C. 1331.

9. Venue in this district is proper pursuant to 28 U.S.C. §1391(b) and (c) because ECS TELECOM SERVICES LLC and the other Defendants conducts business in this district.

## PARTIES

10. Plaintiff, GREGORY D. TRAUB, is an individual who resides in Canyon Lake, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

11. Plaintiff, LARS KALLAS, is an individual who resides in Nashville, Tennessee. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

12. Plaintiff, ANDRES HERNANDEZ, is an individual who resides in San Antonio, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

13. Plaintiff, ISRAEL SOLIZ, is an individual who resides in Canyon Lake, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

14. Plaintiff, MATTHEW MONK, is an individual who resides in San Antonio, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

15. Plaintiff, JEROME GONZALES, is an individual who resides in Plainview, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

16. Plaintiff, LUIS VILLARREAL, is an individual who resides in San Antonio, Texas. Plaintiff consents to become a party plaintiff pursuant to 29 U.S.C. §216(b).

17. Defendant, ECS TELECOM SERVICES LLC is a Domestic Limited Liability Company (LLC) qualified to do business in Texas, and its Registered Agent, Edward C Skoog, may be served with process at the following address: 14710 Medusa, Selma, Texas 78154.

18. Defendant, EDWARD C SKOOG, is an individual who resides in Selma, Texas and may be served with process at the following address: 14710 Medusa, Selma, Texas 78154.

19. Defendant, BLANCA S SKOOG, is an individual who resides in Selma, Texas and may be served with process at the following address: 14710 Medusa, Selma, Texas 78154.

20. Defendant, ROCKIE RISH, is an individual who resides in Selma, Texas and may be

served with process at the following address: 8602 Sedona Circle, Helotes, Texas 78023.

21.   Defendant, DANNY MILLER, is an individual who resides in Selma, Texas and may be served with process at the following work address: ECS, 17170 Jordan Road, Suite 207, Schertz, Texas 78154.

## GENERAL FACTS AND ALLEGATIONS

22.   The individual Plaintiffs, Gregory D. Traub, Lars Kallas, Andres Hernandez, Israel Soliz, Matthew Monk, Jerome Gonzales, Luis Villarreal, and Moses Roozco, and all other similarly situated employees did not receive overtime compensation accumulated throughout their employment at ECS TELECOM SERVICES LLC.

23.   Plaintiffs and all other similarly situated employees who worked an average of sixteen (16) hours a day for five (5) to seven (7) days a week were only being compensated for their base salary. Although Plaintiffs and all other similarly situated employees were entitled to two (2) days off a week, Defendants still often instructed them to work on their designated day-offs. However, overtime wages and accumulated day-offs were never fully compensated by Defendants.

## COLLECTIVE CLASS FACTS & ALLEGATIONS

24.   Defendants are based in Schertz, Texas.

25.   Defendants classify employees such as Plaintiff and others similarly situated as "exempt" employees who are not eligible for overtime compensation when they work more than forty (40) hours in a workweek.

26.   Defendants and Plaintiff are regularly engaged in commerce for purposes of the FLSA.

27.   Defendants failed to accurately record employee's time worked for business related activities.

28. The net effect of Defendants' policy and practice instituted and approved by company managers is that Defendants willfully fail to pay regular and overtime compensation and willfully fail to keep accurate time records in order to save payroll costs. Defendants enjoy ill-gained profits at the expense of employees.

29. Plaintiffs bring Count I ("the FLSA claim") as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) for all "employees" as described herein.

30. The FLSA Claim may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

31. Plaintiffs, individually and on behalf of others similarly situated employees, seek relief on a collective basis challenging, among other FLSA Violations, Defendants' practice of failing to record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other employee yet to opt-in and consent to be parties may be determined from the records of Defendants and pretrial class members may easily and quickly be notified of the pendency of this action.

## COUNT I

### Violation of the Anti Retaliation Provision of the Fair Labor Standards Act (FLSA) of 1938

### (On Behalf of Gregory D. Traub)

32. Plaintiff, Gregory Traub ("Traub"), reasserts and re-alleges the allegations set forth in all preceding paragraphs.

33. Additionally, Traub asserts that he was terminated in retaliation for asserting his right to be paid overtime and the right for others to be paid overtime. Specifically, during April 2011, Traub asked about his and others right to be paid overtime. In this regard, Traub spoke with the owner of ECS, Edward C. Skoog ("Skoog"). Skoog stated that Traub would not receive nor was he

entitled to overtime. Traub then initiated research on the internet regarding his right to overtime. Skoog became aware of Traub's research and Skoog then terminated Greg Traub's employment on or about May 5, 2011.

34. Traub's employment with Defendants was terminated in retaliation for having engaged in the protected activity described above.

35. Traub has suffered and continues to suffer damages for this violation law in excess of he minimum jurisdiction limits of this court.

## COUNT II

### Violation of the Fair Labor Standards Act (FLSA) of 1938
### Violation of the FLSA's Overtime Requirements

**(Brought against Defendants by Plaintiffs, Individually and on Behalf of All Others Similarly Situated)**

36. Plaintiffs reassert and re-allege the allegations set forth in all preceding paragraphs.

37. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§201, *et seq*.

36. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce or in the production of goods form commerce, or employees are employed in an enterprise engaged in interstate commerce or in the production of goods for commerce. 29 U.S.C. §207(a)(1).

37. Defendants are subject to the regular and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

38. Defendants violated the FLSA by failing to pay employees regular and overtime compensation in accordance with 29 U.S.C. §206(1)(c), §207(a)(1), and §207(e). In the course of

perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

39.     Section 13 of the FLSA, codified at 29 U.S.C. §213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees.

40.     Plaintiffs and all other similarly situated employees are victims of a common policy, plan, and decision. This common policy, in violation for the FLSA, has been applied to all similarly situated employees in Defendants' employ.

41.     Defendants' violations of the FLSA's overtime requirements include (1) failing to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time worked; and (2) failing to include and account for all compensation earned by employees when calculating and paying non-exempt employees.

42.     Plaintiffs and all other similarly situated employees are entitled to damages equal to the mandated wage and overtime premium pay within the three years preceding the filing of their original Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

43.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. §216(b). Alternatively, should the Court find that the Defendants did not act willfully in failing to pay overtime pay, Plaintiffs and all other similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

44. As a result of the aforesaid willful violations of the FLSA's regular and overtime pay provisions, regular and overtime compensation have been unlawfully withheld by Defendants from Plaintiffs and all other similarly situated employees. Accordingly, Defendants are liable, pursuant to 29 U.S.C. §216(b), together with an additional amount as liquidated damages pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## DEMAND FOR JURY TRIAL

49. Plaintiffs hereby request a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

50. Plaintiffs designate San Antonio, Texas as the place for trial.

## PRAYER

FOR THESE REASONS, Plaintiffs and all other similarly situated employees demand judgment against Defendants and pray for:

(1) actual damages, including regular wages, overtime wages, back pay, front pay, lost benefits, mental anguish damages, and other compensatory damages;
(2) liquidated damages as provided by the FLSA;
(3) punitive damages;
(4) attorneys' fees, expenses, expert fees, and costs in vindicating the rights of Plaintiffs;
(5) equitable relief;
(6) pre-judgment and post-judgment interest at the highest rate provided by law; and
(7) such other relief, at law or in equity, as the Court deems just and appropriate.

Respectfully submitted,

By: /s/ Glenn D. Levy

Glenn D. Levy
Texas Bar No. 12264925
906 West Basse Road, Suite 100
San Antonio, Texas 78212
Telephone:    210.822.5666
Facsimile:    210.822.5650
**ATTORNEY FOR PLAINTIFFS, GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES, and LUIS VILLAREAL, Individually and on Behalf of All Other Similarly Situated Individuals**