**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES,  AND LUIS VILLARREAL, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | § § § § § § § § | |
| Plaintiffs | § § | |
| v. | § § | |
| ECS TELECOM SERVICES LLC, EDWARD C. SKOOG, BLANCA S. SKOOG, ROCKIE RISH, AND DANNY MILLER, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY | § § § § § § | Civil Action No.  5:11-cv-00700-XR |
| Defendants | § § § | |

---

**DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)**

---

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, ECS Telecom Services, LLC, Edward C. Skoog, Blanca S. Skoog, Rockie Rish and Danny Miller, by and through their undersigned counsel, hereby file their Partial Motion to Dismiss Pursuant to Rule 12(b)(6) and respectfully show the following:

**I.**
**INTRODUCTION**

1.      Plaintiffs filed their Original Complaint on August 24, 2011 alleging violations of the Anti-Retaliation Provision and Overtime Provisions of the Fair Labor Standards Act (FLSA) of 1938.

2.      This motion only addresses Plaintiffs' Count II, Violations of the Overtime Provision Claim, brought by Plaintiffs individually and on behalf of all others similarly situated.

3.      On August 25, 2011, Plaintiffs served Defendants with the Original Complaint (hereinafter "Complaint").

4.      Defendants file this motion as their responsive pleading within twenty-one (21) days of service.

5.      Plaintiffs' Complaint does not provide specific factual allegations regarding the overtime provisions claim alleged by all Plaintiffs and others similarly situated.  The Complaint fails to provide specific factual allegations concerning dates of employment, specific job titles/positions, specific job duties, the common policy complained of, the number of overtime hours allegedly worked and/or owed, specific descriptions of willful actions or specific descriptions of how each Plaintiff was compensated.

6.      The non-conclusory factual allegations, as opposed to legal conclusions, even if taken as true, do not set forth a plausible claim for relief as required by the United States Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).

**II.**
**<u>FACTUAL BACKGROUND</u>**

7.      Plaintiffs' Complaint can accurately be described as a "shotgun" pleading.  It does not contain sufficient factual allegations to state a claim upon which relief may be granted; instead, it largely consists of legal conclusions and conclusory factual allegations which mirror the statutory language.

8.      The first twenty-one (21) paragraphs of the Complaint consist of information regarding parties, jurisdiction and venue.  Plaintiffs' first proffer of facts appears in paragraphs 22-23, which contain the following conclusory general factual allegations:

> The individual Plaintiffs Gregory D. Traub, Lars Kallas, Andres Hernandez, Israel Soliz, Matthew Monk, Jerome Gonzales, Luis Villareal, and Moses Roozco[1] [sic], and all other similarly situated employees did not receive overtime compensation accumulated throughout their employment at ECS TELECOM SERVICES LLC.
>
> Plaintiffs and all other similarly situated employees who worked an average of sixteen (16) hours a day for five (5) to seven (7) days a week were only being compensated for their base salary.  Although Plaintiffs and all other similarly situated employees were entitled to two (2) days off a week, Defendants still often instructed them to work on their designated day-offs [sic].  However, overtime wages and accumulated days-off [sic] were never fully compensated by Defendants.

Plaintiffs then proceed to describe the collective class facts and allegations in paragraphs 24-31 using boilerplate statutory language, but offer no further specific factual allegations.

9.      Plaintiffs' cause of action for FLSA Overtime Requirements claims was brought by all Plaintiffs and on behalf of all others similarly situated.  The allegations set forth under Count II, paragraphs 36-44, merely recite the statutory language, elements of Plaintiffs' cause of action, legal conclusions, and demands for relief.  Plaintiffs only semblance of factual support for its claim appears in paragraphs 22-23 however, those paragraphs consist of more legal conclusions and a very generalized statement concerning average hours worked.  Supra.

10.     Plaintiffs fail to describe the facts of each individual's employment with adequate specificity.  For example, they do not describe dates of employment, specific job titles/positions, specific job duties, the common policy complained of, the number of overtime hours allegedly worked and/or owed or specific descriptions of how each Plaintiff was compensated.  They further fail to describe the facts supporting their allegation that Defendants' willfully violated the

---

[1] Moses Roozco [sic] is identified as a Plaintiff for the first time in paragraph 22.  Mr. Roozco [sic] does not appear in the caption or paragraphs 10-16 of the Complaint in which the Plaintiffs are identified by name and address.

FLSA.  See Complaint, at para. 42.  As Plaintiffs consist of seven (or eight) individuals, notwithstanding the collective class, they should in the very least provide individualized fact specific allegations that entitle them to an FLSA Overtime Requirements claim.

### III.
### ANALYSIS

**A.     Applicable Legal Standard**

11.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), if a complaint fails to state a claim upon which relief may be granted, a court is entitled to dismiss the complaint as a matter of law.  All *factual* allegations in the complaint should be taken as true; however, mere labels and conclusions or a formulaic recitation of the elements will not suffice.  Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 555; see also Promotional Mgmt. Group v. Hsieh, No. SA-09-CV-367-XR, 2009 WL 2849630, at *2 (W.D. Texas Sept. 1, 2009) ((citing Fernandez-Montez v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993) (stating in a Rule 12(b)(6) motion to dismiss, all factual allegations recited in the complaint should be taken as true)).  Moreover, a complaint is insufficient if it asserts "'naked assertions' devoid of 'further factual enhancement.'"  Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).  While Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" it also demands more than an "unadorned, the-defendant unlawfully-harmed me accusation."  Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 555).

12.     In Iqbal, the United States Supreme Court applied the underlying principles in Twombly to mandate a two-pronged approach to analyzing whether a pleading will survive a motion to dismiss.  Iqbal, 129 S. Ct. at 1949-1950.  First, the court must identify and disregard conclusory legal allegations which are not entitled to an assumption of truth.  Id. at 1949-1950.

Second, after setting aside conclusory legal allegations, the Court must consider whether the factual allegations plausibly suggest a claim for relief. Id. at 1950.

13.     In examining the first prong, the Supreme Court stated "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citing Twombly, 550 U.S. at 555).   Furthermore, unlike factual allegations in a complaint, a court is not obligated to accept as true a legal conclusion disguised as a factual allegation.  Id. at 1950.  The Supreme Court also notes Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. (citing Twombly, 550 U.S at 556).

14.     The second prong—the plausibility standard—requires that a complaint show a claim for relief from which more than a mere possibility of misconduct can be inferred. Iqbal, 129 S.Ct. at 1950.  Plaintiffs must "[nudge] their claims across the line from conceivable to plausible" in order to avoid dismissal. Twombly, 550 U.S. at 570.

**B.     Plaintiffs' Claims Do Not Allege Sufficient Facts to State a Plausible Claim for Relief.**

15.     Plaintiffs' Complaint cannot survive a motion to dismiss under the Twombly and Iqbal standard.   Plaintiffs' cause of action merely set forth formulaic legal elements and conclusory allegations without substantiating them with non-conclusory facts.

16.     In examining Plaintiffs' claims for Violations of the FLSA Overtime Requirements (Count II), brought both individually and as part of a collective class, Plaintiffs advance no more than a formulaic recitation of the elements and demand for damages in paragraphs 36-44 of the Complaint.  The most Plaintiffs allege in terms of factual support appears in paragraph 23 of the Complaint which makes a general statement regarding the number

of hours worked in regards to all seven (or eight) named Plaintiffs as well as all others similarly situated. Supra. While collective actions can rest on more generalized pleadings, a complaint should assert more specific facts about the individually named Plaintiff, if not about the entire class. Mell v. GNC Corp. et al., No. 10-945, 2010 WL 4668966, at *7-8 (W.D. Pa. Nov. 9, 2010) (quoting Deleon v. Time Warner Cable, No. 09-2438, 2009 U.S. Dist. Lexis 74345, at *7 (C.D. Cal. July 17, 2009)).

17.     In the case at bar, Plaintiffs fail to provide a breakdown for each individual regarding dates of employment, specific job titles/positions, specific job duties, the common policy complained of, the number of overtime hours allegedly worked and/or owed or specific descriptions of how each Plaintiff was compensated.  Additionally, there is no explanation of what willful conduct Plaintiffs are resting their claim on.  Plaintiffs' overtime claims are essentially the threadbare recitation of elements supported by conclusory facts against which the Supreme Court cautioned. See Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S at 555). Thus, the Complaint fails to provide Defendants with notice of the circumstances under which the alleged violations occurred. See Solis v. Time Warner Cable San Antonio, No. 10-CA-0231 XR, 2010 WL 2756800, at *1 (W.D. Tex. July 13, 2010) (stating that unlike original complaint, amended complaint identified the employees related to the claim, job duties, job titles, and how they were paid, and therefore survived the motion to dismiss). See also Mell at *7-8. (dismissing an FLSA Overtime claim which was light on factual support regarding the amount and dates of overtime hours worked, the specifics of the alleged employer policy, and a general allegation of willful conduct on the part of the Defendants).

18.     Without the requisite basic factual allegations, Plaintiffs' Overtime Provisions Claim does not infer more than a mere possibility of misconduct.  Plaintiffs have not "nudged"

their claims from conceivable to plausible.   Therefore, Defendants motion to dismiss should be granted.

## IV.
## CONCLUSION

19.    For the reasons stated above, Defendants respectfully request that Count II of Plaintiffs' Original Complaint be dismissed with prejudice for failing to state a claim upon which relief can be granted, that Defendants be awarded attorneys' fees and cost incurred in bringing their motion, and for all other relief, at law or in equity, which the Court deems appropriate.

**Respectfully submitted,**

THE ROSENBLATT LAW FIRM, P.C.
16719 Huebner Road, Bldg. 1
San Antonio, Texas 78248
Telephone:  210-562-2900
Telecopier:  210-562-2929


By: /s/ NINA MANKEKAR PANDYA

JAMES D. ROSENBLATT
State Bar No. 00788320
James@Rosenblattlawfirm.com

CHESSA L. AKINS
State Bar No. 24035810
Chessa@Rosenblattlawfirm.com

NINA MANKEKAR PANDYA
State Bar No. 24049445
Nina@Rosenblattlawfirm.com

ATTORNEY FOR PLAINTIFF
ECS TELECOM SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2011, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.

/s/ NINA MANKEKAR PANDYA
Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| GREGORY D. TRAUB, LARS KALLAS, §<br>ANDRES HERNANDEZ, ISRAEL SOLIZ, §<br>    MATTHEW MONK, JEROME §<br>GONZALES, §<br>AND LUIS VILLARREAL, §<br>INDIVIDUALLY AND ON BEHALF OF §<br>OTHERS SIMILARLY §<br>SITUATED §<br>  §<br>       Plaintiffs §<br>v. §<br>  §<br>ECS TELECOM SERVICES LLC, §<br>EDWARD C. SKOOG, BLANCA S. §<br>SKOOG, ROCKIE RISH, AND DANNY §<br>MILLER, INDIVIDUALLY AND IN §<br>THEIR OFFICIAL CAPACITY §<br>  §<br>       Defendants §| Civil Action No. 5:11-cv-00700-XR |

## ORDER GRANTING DEFENDANTS'
## PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

On this date, the Court considered Defendants ECS Telecom Services LLC, Edward C. Skoog, Blanca S. Skoog, Rockie Rish, and Danny Miller's, Individually and in Their Official Capacity, Partial Motion to Dismiss Pursuant to  Rule 12(b)(6).  After consideration of the Motion, the response thereto, and relevant case law, the Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) is GRANTED (Docket No._____).

SIGNED on this the _____day of _____, 2011.


_____
HON. XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE