IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNDANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES, AND LUIS VILLARREAL, Individually and on behalf of Others Similarly Situated, | § § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 5:11-CV-00700-XR |
| ECS TELECOM SERVICES LLC, EDWARD C. SKOOG, BLANCA S. SKOOG, ROCKIE RISH, and DANNY MILLER, Individually and in their Official Capacity, | § § § § § § § | |
| Defendants. | § § § | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL MOTION TO DISMISS PURUSANT TO RULE 12(b)(6)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COME GREGORY D. TRAUB, LARS KALLAS, ANDRES HERNANDEZ, ISRAEL SOLIZ, MATTHEW MONK, JEROME GONZALES, and LUIS VILLARREAL,[1] Individually and on behalf of others similar situated individuals ("Plaintiff, Plaintiffs" or Class members"), responding to Defendants' Partial Motion to Dismiss pursuant to Rule 12(b)(6), and would respectfully show unto the Court as follows:

---

[1] Defendants' Partial Motion to Dismiss references an individual by the name of "Moses Roozco." This individual is not a party-plaintiff and, to the extent that there is any confusion in this regard, Plaintiffs are willing to amend their Complaint to delete any reference to this person.

1

## PROCEDURAL AND FACTUAL HISTORY

1. Plaintiffs filed and served Defendants with their Original Complaint on August 24, 2011. In their Complaint, Plaintiffs brought suit against Defendants for violations of anti-retaliation and overtime requirements provisions under the Federal Labor Standards Act ("FLSA") of 1938.

2. Defendants, in response to Plaintiffs' Original Complaint, filed a Partial Motion to Dismiss Pursuant to 12(b)(6), alleging that Plaintiffs' Count II, setting forth Defendants' violation of the overtime requirements provision of the FLSA, does not provide sufficient notice of the causes of action asserted and/or relief sought by Plaintiffs. In particular, Defendants' Motion to Dismiss repeatedly states that Plaintiffs' Complaint fails to set forth "dates of employment, specific job titles/positions, specific job duties, the common policy complained of, the number of overtime hours allegedly worked and/or owed or specific allegations of how each Plaintiff was compensated."

3. Defendant ECS Telecom Services LLC is a family owned business with, upon information and belief, approximately fifteen (15) employees. Edward C. Skoog and his wife, Blanca S. Skoog, are the individual owners. Rockie Rish and Danny Miller are managerial employees of the Company.

4. Given the number of employees at ECS Telecom Services LLC, as well as the fact that it is a closely held "mom and pop" business, it seems highly unlikely that Defendants are not already fully aware of who the Plaintiffs are, the terms and conditions of their employment with ECS Telecom Services LLC, their prior complaints regarding the failure by the Company to pay them overtime wages as was the industry standard, and the factual substance of their current claims.

5. Defendants further assert that Plaintiffs' Original Complaint fails to identify the common policy complained of by Plaintiffs, notwithstanding the fact that Plaintiffs repeatedly state in their Complaint that it is Defendants' "policy and practice … to deny earned wages and overtime pay to the employees" in violation of the FLSA. Regardless, when Plaintiffs' Original Complaint is compared with governing authorities setting forth the requirements for pleading such claims, it is clear that Defendants' Motion to Dismiss is, at best, without merit.

6. Finally, it should be noted that, prior to filing their Motion to Dismiss, Defendants' counsel failed to ever confer with counsel for Plaintiffs regarding the substance of Defendants' Motion to Dismiss. Defendants also fail to specify who their attorney in charge is, as required by the Local Rules for the United States District Court for the Western District of Texas.

## ARGUMENTS AND AUTHORITIES

7. In reviewing a Motion to Dismiss, the court must interpret the complaint in favor of the plaintiff, and accept all well-pleaded facts to be true. *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993); *Public Health Equip. & Supply, Inc. v. Clarke Mosquito Control Products,* 410 Fed. Appx.738, 740 (5th Cir. Tex. 2010).

### *Plaintiffs' Complaint Provides Sufficient Notice of the Claims Asserted and the Factual Bases for Such Claims*

8. As this Court is aware, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to

relief." FED. R. CIV. P. 8(a)(2). This basic pleading standard applies to all civil actions, with limited and specific limitations. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 513 (2002). The Federal Rules of Civil Procedure do not require a claimant to set forth specific, detailed facts on which he bases his claim in his pleading. *Bennett v. Spear,* 520 U.S. 154, 168 (1997); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561 (1992). The basic requirements of the "plain statement" are to give the defendant a fair notice of the plaintiff's claim, and the grounds upon which the claim rests. *Swierkiewicz,* 534 U.S. at 509. This basic "notice-pleading standard" was adopted to help ensure the focus of litigation would be on the merits of a claim, and is applicable in most civil actions. *Swierkiewicz,* 534 U.S. at 510. The "notice-pleading standard" relies on liberal discovery rules and summary judgment motions to weed out unmeritorious claims. *Id*. Under the simplified "notice-pleading standard," a court may dismiss a claim only if it is clear that relief cannot be granted under a set of facts consistent with the allegations. *Id at* 514; *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

9. In the present matter, Plaintiffs' Original Complaint contains the required plain and short statement specifying the claims against defendants, as well as identifies the relief sought from the misconduct of the defendants, therefore, meeting the requirement set forth in the Federal Rules of Civil Procedure. In addition, Plaintiffs' Original Complaint has included supplemental information that properly and adequately supports their claims against defendants, and the grounds upon which they rest.

***Although No Heightened Pleading Standard Applies to Plaintiffs' Claims, Plaintiffs' Complaint Nonetheless Contains Sufficient Factual Allegations to Overcome a Rule 12(b)(6) Motion to Dismiss***

10. To be considered "well-pleaded," a complaint must contain some factual allegations to give rise to a right to relief above a speculative level. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal,* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). The courts require enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp.,* 550 U.S. at 558; *Iqbal,* 556 U.S. ___, 129 S.Ct. at 1949; *Public Health Equip. & Supply, Inc. v. Clarke Mosquito Control Products,* 410 Fed. Appx. 738, 740 (5th Cir. Tex. 2010). To be facially plausible, the Plaintiff must plead content that permits the court to draw the implication that the defendant is liable for the misconduct alleged in the complaint. *Iqbal,* 129 S. Ct. at 1950. When there are well-pleaded factual allegations, the court should assume their truth, and determine whether the allegations are facially plausible to give rise to an entitlement of relief *Id.* at 1941.

11. The complaint must show more than mere possibility of misconduct. *Id.* The complaint does not need to plead specific facts beyond what is necessary to state a claim, and for entitlement to relief. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002). A complaint is considered well-pleaded even if it appears that recovery is unlikely. *Bell Atl. Corp.,* 550 U.S. at 556. The court must interpret a complaint most favorable to the plaintiff. *Public Health Equip. & Supply, Inc. v. Clarke Mosquito Control Products,* 410 Fed. Appx. 738, 740 (5th Cir. Tex. 2010). Furthermore, requiring a higher standard of specificity for certain claims can only be done through amending the Federal Rules of

Civil Procedure, not by judicial interpretation. *Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007); *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).

12. In light of the foregoing, it is clear that Plaintiffs' Complaint is sufficient to place Defendants on fair notice of the underlying facts giving rise to their claims, as well as the legal bases for such claims. Therefore, Plaintiffs respectfully request that Defendants' Motion to Dismiss be denied.

**PRAYER**

For the aforementioned reasons, Plaintiffs respectfully asks that this court deny Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) and for such other and further relief to which this Court finds Plaintiffs justly entitled.

                                        Respectfully submitted,

By:   /s/ Larry E. Gee
         Glenn D. Levy
         Texas Bar No. 12264925
         Larry E. Gee
         Texas Bar No. 00796617
         906 Basse, Suite 100
         San Antonio, TX 78212
         Tel.: (210) 822-5666
         Fax: (210) 822-5650
         **ATTORNEY FOR PLAINTIFF**
         **GREG TRAUB**

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded in accordance with the Federal Rules of Civil Procedure on this 26th day of September 2011, to the following via electronic mail and first class mail.

Mr. James D. Rosenblatt
Ms. Chessa L. Akins
Ms. Nina Mankekar Pandya
The Rosenblatt Law Firm, P.C.
16719 Huebner Road, Bldg.1
San Antonio, Texas 78248
Telephone: 210 – 562 -2900
Facsimile: 210 – 526 - 2929
**ATTORNEY FOR DEFENDANTS**

                                              /s/ Larry E. Gee
                                              Glenn D. Levy
                                              Larry E. Gee