UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| GREGORY D. TRAUB, ET AL., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | )   Civil Action No.  SA-11-CA-0700-XR |
| | ) |
| ECS TELECOM SERVICES LLC, ET AL., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

On this date, the Court considered Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(6) (docket no. 4), and the response thereto. After careful consideration, the Court will deny the motion.

**Background**

Plaintiffs filed their original Complaint on August 24, 2011, asserting individual and collective claims under the Fair Labor Standards Act. The Complaint alleges that Plaintiffs "did not receive overtime compensation accumulated throughout their employment at ECS Telecom Services, LLC." Specifically, Plaintiffs allege that "Plaintiffs and all other similarly situated employees who worked an average of sixteen (16) hours a day for five (5) to seven (7) days a week were only being compensated for their base salary. Although Plaintiffs and all other similarly situated employees were entitled to two (2) days off a week, Defendants still often instructed them to work on their designated day-offs [*sic*]. However, overtime wages and accumulated day-offs [*sic*] were never fully compensated by Defendants." The Complaint further asserts that Defendants classify employees such as Plaintiffs as exempt employees who are not eligible for overtime compensation and that Defendants failed to accurately record employee's time worked for business related activities. Plaintiffs challenge Defendants' "practice of failing to record all hours worked and failing to pay

employees for all hours worked, including overtime compensation."

Count I asserts an individual retaliation claim on behalf of Plaintiff Gregory Traub. Count II asserts a violation of the FLSA's overtime requirements. It asserts that Defendants "violated the FLSA by failing to pay employees regular and overtime compensation in accordance with 29 U.S.C. § 206(1)(c), § 207(a)(1), and § 207(e)" and that Defendants willfully failed to keep accurate records of all hours worked by their employees. Plaintiffs allege that "[n]one of the FLSA exemptions [to overtime pay requirements] apply to Plaintiffs or other similarly situated employees." Further, Plaintiffs allege that Defendants' "violations of the FLSA's overtime requirements include (1) failing to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time worked; and (2) failing to include and account for all compensation earned by employees when calculating and paying non-exempt employees."

Defendants' motion is directed solely to Count II, claiming that "it does not provide specific factual allegations regarding the overtime provisions claim alleged by all Plaintiffs and others similarly situated" because it "fails to provide specific factual allegations concerning dates of employment, specific job titles/positions, specific job duties, the common policy complained of, the number of overtime hours alleged worked and/or owed, specific descriptions of willful actions or specific descriptions of how each Plaintiff was compensated." Defendants complain that the Complaint does not contain sufficient factual allegations, but largely consists of legal conclusions and conclusory factual allegations that mirror the statutory language.

Plaintiffs respond that ECS Telecom Services LLC is a family-owned business with approximately fifteen employees and thus "it seems highly unlikely that Defendants are not already fully aware of who the Plaintiffs are, the terms and conditions of their employment with ECS Telecom Services LLC, their prior complaints regarding the failure by the Company to pay them overtime wages as was the industry standard, and the factual substance of their current claims." Plaintiffs further assert that their Complaint repeatedly asserts that the alleged common policy was to deny earned wages and overtime pay in violation of the FLSA. Plaintiffs contend that their Complaint contains the required short and plain statement of their claims and identifies the relief sought, meeting the requirements of the Rules.

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of [each] claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). The purpose of Rule 8 is to require parties to state their claims with sufficient clarity "to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

If a complaint fails to state a claim upon which relief can be granted, a court is entitled to dismiss the complaint as a matter of law. FED. R. CIV. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true. *Fernandez-Montez v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993).

To survive a Rule 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The plaintiff must plead facts sufficient to "state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

**Analysis**

The sufficiency of the Complaint cannot be measured by what the Defendants know, as Plaintiffs seem to assert. Rather, the Court reviews the allegations in the Complaint to determine whether the factual assertions therein, if proven, give rise to a plausible claim for relief. Count II asserts that Defendants have violated the FLSA's requirement to pay overtime compensation. The Complaint alleges that Defendants classify Plaintiffs as employees who are exempt from the FLSA's overtime pay requirements (¶ 25), but that none of the exemptions apply to Plaintiffs and similarly situated employees (¶ 39). The Complaint further alleges that Defendants failed to record and compensate all working time of non-exempt employees, including pre-shift and end-shift time worked (¶ 41), and that Plaintiffs who worked an average of sixteen-hour days for five to seven days a week (*i.e.*, in excess of 40 hours) were only being compensated for their base salary (*i.e.*, were not

paid overtime wages)(¶ 23). These factual allegations, if true, give rise to a plausible claim for relief. *See Hoffman v. Cemex, Inc.*, Civ. A. No. H-09-3144, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009) ("The plaintiffs allege that they were classified as nonexempt, that they regularly worked more than 40 hours per workweek, and that they were not paid time-and-a half for those overtime hours. Those are all factual allegation-not legal conclusions-and, if proven, they give rise to a plausible claim for relief. *See Qureshi v. Panjwani*, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009) (finding that plaintiffs had pleaded sufficiently to state a claim where they alleged that they were employed by the defendants, that they did the work ordinarily performed by nonexempt workers and that 'they were required to work in excess of a forty-hour work week without overtime compensation.')."). As in *Hoffman*, the "complaint is not replete with detailed factual allegations, but such details are not required to meet Rule 8(a) in the specific context of FLSA overtime claims." *Hoffman*, 2009 WL 4825224 at * 3. Though the additional information sought by Defendants might be beneficial, it is not required to survive a motion to dismiss.

However, the Court notes that Plaintiffs' Complaint contains at least two errors and is ambiguous whether Plaintiffs are asserting a minimum-wage claim in addition to their overtime claim. As pointed out by Defendants, paragraph 22 lists Moses Roozco as a plaintiff even though he is not named elsewhere in the complaint. Clarification is needed as to whether Roozco is intended to be a plaintiff. Further, paragraph 29 refers to Count I as the collective claim, even though that is an individual retaliation claim, and thus should be corrected to refer to Count II.

With regard to the ambiguity concerning a possible minimum-wage claim, Count II is entitled "Violation of the FLSA's Overtime Requirements" but asserts that Defendants violated both 29 U.S.C. § 206(1)(c) (minimum wage requirements) and § 207(a)(1) (overtime requirements). Further, Plaintiffs assert that Defendants violated the "regular" pay provisions (*e.g.*, ¶ 44) and seek "regular wages" in addition to "overtime wages" as compensatory damages.

Given these issues, the Court finds that Plaintiffs should file an Amended Complaint that corrects the noted errors and specifies the extent to which Plaintiffs are asserting claims based on minimum-wage violations (if any). In addition, for the sake of completeness, the Amended Complaint should include the job title and/or job descriptions for the named Plaintiffs.

**Conclusion**

Defendants' Partial Motion to Dismiss (docket no. 4) is DENIED. However, Plaintiffs are ORDERED to file an Amended Complaint as described herein, no later than **November 23, 2011**. The Court's previous text order dated October 3, 2011 is modified such that the answer shall be due within fourteen days of the filing of the Amended Complaint.

It is so ORDERED.

SIGNED this 15th day of November, 2011.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE